UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED HYDROGEL TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAYMEDICA, INC., ET AL., <br><br> Defendants. <br> _____ | Civil No: 06-CV-2254-B(POR) <br><br> **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)** |

## I.  INTRODUCTION

On February 26, 2007, the Court held hearing for Defendants Raymedica, Inc., Raymedica LLC (together "Raymedica"), and Kornahrens' Motion to Dismiss the First Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 12.)  For the reasons set forth below, the Court hereby **DENIES** Defendants' Motion with respect to (1) the Second Cause of Action, Fraudulent Inducement to enter Consulting Agreement and Amendment Against Raymedica and Kornahrens; (2) the Third Cause of Action,

Intentional Misrepresentation Against Raymedica and Kornahrens; and (3) the Fourth Cause of Action, Negligent Misrepresentation Against Raymedica and Kornahrens.  The Court **GRANTS** Defendants' Motion with respect to the Sixth Cause of Action, Conversion Against Raymedica and Kornahrens.  The Court also **GRANTS** Plaintiff Applied Hydrogel Technology, Inc. ("AHT") leave to amend its Complaint to adequately plead the Sixth Cause of Action of Conversion.  AHT shall have **twenty (20) days** from the date of the hearing on February 26, 2007, to file this amended Complaint.

## II.    BACKGROUND

On August 29, 2005, Raymedica and AHT entered a Mutual Confidentiality Agreement ("MCA"), under which the parties stated that they (1) were "exploring a possible relationship," (2) would "be exposed to Confidential Information[1]," and (3) "agree[d] to execute this Agreement as a condition to entering into any relationship." (Doc. No. 9, Ex. A at 1.)  On August 31, 2005, Raymedica and AHT entered a Consulting Agreement ("CA"), under which AHT as the "Consultant" agreed to provide Raymedica with the benefit of its "substantial expertise in the field of Hydrogel Materials specific to medical devices" pursuant to the MCA.  (Doc. No. 2, Ex. A at 1.)

On November 13, 2006, AHT filed its First Amended Complaint, alleging against Raymedica and/or Kornahrens: breach of Mutual Confidentiality Agreement, fraudulent

---

[1] Under Section 1 of the MCA, "Confidential Information" is defined as

> any information not generally known relating to the other party and includes, but is not limited to, trade secrets, product information and development plans, manufacturing process, product specifications projections, and information pertaining to any of the foregoing or to research, development, business development, finances and financial information, marketing, purchasing, suppliers, acquisitions of supplies and products, pricing, actual and potential customers or referral sources, needs and requirements of customers or referral customers, business expansion or accessions, or information gained by the other party as a result of its discussions with the other party or any business relationship with the other party.

(MCA at 1.)

inducement to enter Consulting Agreement and Amendment, intentional misrepresentation, negligent misrepresentation, misappropriation of trade secrets, and conversion. (Doc. No. 9.) Defendants then filed the present Motion to Dismiss on December 6, 2006. (Doc. No. 12.)

### III. DISCUSSION

#### A. STANDARD OF LAW

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." Hydrick v. Hunter, 466 F.3d 676, 686 (9th Cir. 2006); see Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." Id..

A court may, on a Rule 12(b)(6) motion to dismiss, take judicial notice of "facts outside the pleadings" and "matters of public record." Mack v. S. Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

#### B. ANALYSIS

##### 1. Minnesota law governs

If federal subject-matter jurisdiction is based on the parties' diversity of citizenship,

as it is here, the Ninth Circuit "appl[ies] the choice-of-law principles of the forum state." Bassidji v. Goe, 413 F.3d 928, 933 (9th Cir. 2005). The forum state here is California, so this Court shall apply California choice-of-law principles.

The Ninth Circuit has held that, under California law, "[w]e must apply the law designated by the contractual provision unless (1) the chosen state has no substantial relationship to the parties or transaction; or (2) such application would run contrary to a California public policy or evade a California statute." Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1505 (9th Cir. 1995). Both the MCA and the CA between the parties provide that the agreements will be governed by Minnesota law. (MCA at 2; CA at 4.) All of the defendants are Minnesota citizens. (Doc. No. 9 at 1 - 2.) The only in-person meeting between the parties occurred in Minnesota. (Doc. No. 9 at 9.) Therefore, Minnesota has a substantial relationship to the parties or transaction. See Gen. Signal, 66 F.3d at 1505 (holding that a party's incorporation in New York was sufficient to establish a substantial relationship).

California's "narrow" public policy exception "applies only when foreign law is so offensive to California public policy as to be prejudicial to recognized standards of morality and to the general interests of the citizens." Bassidji, 413 F.3d at 933. Minnesota law for the contract and related tort claims at issue in the present motion does not rise to this level of offensiveness to California public policy. See id. (applying public policy exception to illegal trade with Iran, which posed an "unusual and extraordinary threat to the national security, foreign policy, and economy of the United States") (internal quotations omitted).

Therefore, this Court **FINDS** that Minnesota law should be applied here.

    **2.**    **Minnesota's Uniform Trade Secrets Act ("UTSA") does not bar AHT's Negligent Misrepresentation and Conversion claims**

Defendants move to dismiss AHT's Negligent Misrepresentation and Conversion claims as barred by Minnesota's UTSA, MINN. STAT. ANN. §§ 325C.01 - 07 (West 2006).

1  Under Section 325C.07,

2      a) Except as provided in paragraph (b), sections 325C.01 to 325C.07 displace conflicting tort, restitutionary, and other law of this state providing civil
3      remedies for misappropriation of a trade secret.

4      (b) Sections 325C.01 to 325C.07 do not affect:
          (1) contractual remedies, whether or not based upon misappropriation
5          of a trade secret;
          (2) other civil remedies that are not based upon misappropriation of a
6          trade secret; or
          (3) criminal remedies, whether or not based upon misappropriation of
7          a trade secret.

8  Id. at § 325C.07.

9  In its First Amended Complaint, AHT alleges that Defendants negligently

10 misrepresented that they would enter into a licensing agreement with AHT in order to

11 obtain confidential information from AHT. (Doc. No. 9 at 20 - 23.) AHT further alleges

12 that "Defendants have converted Plaintiff's proprietary technology including the

13 Confidential Information." (Id. at 24.) "Confidential Information," as defined by the

14 MCA, includes non-trade-secret information, such as product development plans,

15 manufacturing processes, product specifications, and marketing, pricing, and customer

16 information. (MCA at 1.) AHT's negligent misrepresentation and conversion claims are

17 non-contractual civil remedies that are in part not based upon trade secret misappropriation.

18

19 Therefore, the Court **FINDS** that Minnesota's USTA does not bar AHT's negligent

20 misrepresentation and conversion claims and **DENIES** Defendants' Motion to Dismiss on

21 these grounds.

22      **3.    AHT's Fraudulent Inducement, Intentional Misrepresentation,**

23      **and Negligent Misrepresentation claims are plead with sufficient**

24      **particularity, including the reliance element**

25 Under Minnesota Rule of Civil Procedure 9.02,

26    In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and
27    other condition of mind of a person may be averred generally.

28

Under Minnesota law, AHT's claims for fraudulent inducement and misrepresentation fall under the heightened pleading requirements for fraud.  See McBroom v. Al-Chroma, Inc., 386 N.W.2d 369, 374 (Minn. Ct. App. 1986) (regarding misrepresentation); Williams v. Dow Chemical Co., 415 N.W.2d 20, 27 - 28 (Minn. Ct. App. 1987) (regarding fraudulent inducement).

Upon consideration of AHT's First Amended Complaint, the Court **FINDS** that AHT has plead fraudulent inducement, intentional misrepresentation, and negligent misrepresentation claims with sufficient particularity, including the reliance element of these claims.  The Court therefore **DENIES** AHT's Motion to Dismiss on these grounds.

### 4.   AHT's Misrepresentation claims do not fail, because they are material as to a past or existing fact

Under Minnesota law, "a representation of expectation as to future acts or events is not sufficient to sustain a charge of fraud merely because the represented act or event did not occur.  In order to amount to actionable fraud, a representation must be material as to a past or existing fact and not merely as to a future event."  Berryman v. Riegert, 175 N.W.2d 438, 442 (Minn. 1970).  In its First Amended Complaint, AHT alleges that Defendants seeked AHT confidential information under a misrepresentation that Defendants would enter into a licensing agreement with AHT.  (Doc. No. 9 at 20 - 23.)  The Court **FINDS** that AHT's Misrepresentation Claims do not fail, as this alleged misrepresentation is tied to the past or existing fact of the disclosure of AHT confidential information.  The Court therefore **DENIES** Defendants' Motion to Dismiss on these grounds.

### 5.   AHT's Negligent Misrepresentation claim is not barred

Under Minnesota law, a duty of care arises in the context of negligent misrepresentation when the accused party is "supplying information for the guidance of others in the course of a transaction in which [it] has a pecuniary interest, or in the course of [its] business, profession or employment."  Smith v. Woodwind Homes, Inc., 605 N.W.2d 418, 424 (Minn. Ct. App. 2000).  However, where "adversarial parties negotiate at

1  arm's length, there is no duty imposed such that a party could be liable for negligent
2  misrepresentations." Id.  In Smith, the Minnesota court affirmed the denial of a motion to
3  add a negligent misrepresentation claim, because both parties were "experienced at closing
4  real-estate transactions" and no "special relationship" has been demonstrated to counter
5  their status as "sophisticated equals negotiating a business transaction." Id.
6       Construing AHT's negligent misrepresentation claim in the light most favorable to
7  AHT, the Court **CANNOT FIND** here that both parties were experienced at negotiating
8  mutual confidentiality agreements, consulting agreements, and licensing agreements or that
9  they were sophisticated equals negotiating a business transaction.  Therefore, the Court
10 cannot conclude that Defendants had no duty to AHT because they were engaging in arm's
11 length negotiations and **DENIES** Defendants' Motion to Dismiss on these grounds.

      **6.    AHT's Conversion claim cannot stand as plead in the First Amended Complaint**

14      In 1989, the Eighth Circuit held that "[w]e have found no Minnesota cases which
15 define the bounds of 'personal property' subject to conversion, but the general rule is that
16 the cause of action only applies to tangible property, or intangible property customarily
17 merged in, or identified with, some document." H.J., Inc. v. Int'l Tel. & Tel. Corp., 867
18 F.2d 1531, 1547 (8th Cir. 1989).  In 2003, the District Court of Minnesota acknowledged
19 the lack of Minnesota court interpretation of the outer boundaries of "personal property,"
20 but referred to the Eighth Circuit decision in H.J..  See Mid-List Press v. Nora, 275
21 F.Supp.2d 997, 1005 (D.Minn. 2003) (holding that trade names and ISBNs could be
22 registered in paper documents, which constituted "sufficient 'property interest' to support a
23 claim of conversion").
24      Here, the Court **FINDS** that AHT did not adequately identify in the First Amended
25 Complaint which AHT property is subject to AHT's conversion claim or the connection
26 between this property and some document.  The Court therefore **GRANTS** Defendants'
27 Motion on these grounds and **GRANTS** AHT leave to amend its complaint in order to
28

adequately plead its Conversion claim in accordance with this Order.  AHT shall have **twenty (20) days** from the date of the hearing on February 26, 2007, to file its amended complaint.

## IV.   CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendants' Motion to Dismiss the First Amended Complaint Under Rule 12(b)(6) with respect to (1) the Second Cause of Action, Fraudulent Inducement to enter Consulting Agreement and Amendment Against Raymedica and Kornahrens; (2) the Third Cause of Action, Intentional Misrepresentation Against Raymedica and Kornahrens; and (3) the Fourth Cause of Action, Negligent Misrepresentation Against Raymedica and Kornahrens.  The Court **GRANTS** Defendants' Motion to Dismiss with respect to the Sixth Cause of Action, Conversion Against Raymedica and Kornahrens.  The Court also **GRANTS** Plaintiff AHT leave to amend its Complaint to adequately plead the Sixth Cause of Action of Conversion.  AHT shall have **twenty (20) days** from the date of the hearing on February 26, 2007, to file this amended Complaint.

**IT IS SO ORDERED**

DATED:  March 2, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Louisa S. Porter
    United States Magistrate Judge

All Counsel of Record